IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| **RICTAVIOUS PROSSER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. _____ |
| | ) |
| **CITY OF WRIGHTSVILLE,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, Rictavious Prosser, the Plaintiff herein (hereinafter "Mr. Prosser"), and states his complaint against the Defendant, City of Wrightsville (hereinafter "the City) as follows, to wit:

**The Parties**

1.

Mr. Prosser is a citizen of the United States and of the State of Georgia and he resides within Johnson County, Georgia. At all times material hereto, Mr. Prosser has been an "employee" as defined in 29 U.S.C. § 203(e)(2)(C).

2.

The City is a municipal corporation organized under the Constitution and laws of the State of Georgia. At all times material hereto, the City has been an "employer" as defined in 29 U.S.C. § 203(d), and an "enterprise engaged in commerce" as defined in 29 U.S.C. § 203(s)(1)(C), and a "public agency" as defined in 29 U.S.C. § 203(x).

**Jurisdiction and Venue**

3.

This Court has jurisdiction over the present action pursuant to Article 14, § 2 of the United States Constitution and pursuant to 28 U.S.C. §§ 1331 and 1337, because this case arises under 29 U.S.C.A. §§ 201 to 219, known as the Fair Labor Standards Act, a law of the United States regulating interstate commerce (hereinafter the "FLSA").

4.

Venue properly lies in the Southern District of Georgia in accordance with 28 U.S.C. § 1391 because the City is located in this judicial district and all of the events giving rise to the claims herein arose in this judicial district.

**Facts**

5.

In 2011, the City hired Mr. Prosser as a police officer with the Wrightsville Police Department. Mr. Prosser held that position until March 3, 2013, at which time he resigned.

6.

At all times material hereto, the Wrightsville Police Department had a minimum of five employees.

7.

Mr. Prosser's primary duties of his employment have been rescuing fire, crime and accident victims; preventing and detecting crimes; conducting investigations and inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects;

detaining or supervising suspected and convicted criminals; interviewing witnesses; interrogating suspects; preparing investigative reports; and other similar work within the meaning of 29 C.F.R. §541(b)(1).

8.

At all times material hereto, Mr. Prosser has been a law enforcement employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in 29 U.S.C. §§206, 207(k).

9.

At all times material hereto, Mr. Prosser was paid hourly at the rate of $14.00 per hour. All overtime pay he received was at his regular, hourly rate. The City also had in place a 7 day work week and Mr. Prosser was paid weekly.

10.

From March 3, 2011 through March 3, 2013, Mr. Prosser accrued 478 hours of overtime for which he was paid at straight time.

11.

On or about August 13, 2013, Mr. Prosser sent the City a written ante litem notice requesting to be fully compensated for his overtime, a copy of which is attached as Exhibit "A." The City refused to provide him any such compensation.

**Count I. Violation of the FLSA's Overtime Provisions**

12.

Mr. Prosser incorporates by reference all of the allegations contained in paragraphs 1

through paragraphs 11.

13.

Since March 3, 2011, the City has willfully and repeatedly violated the FLSA by failing to compensate Mr. Prosser for time worked in excess of forty (40) hours. More specifically, Mr. Prosser shows that the 478 overtime hours that the City did pay were at straight time rather than at the overtime rate required by 29 U.S.C. §207(o)(1). Because Mr. Prosser received only straight time pay, the City owes Mr. Prosser an additional $3,801.08 in unpaid wages.

14.

The City's failure and refusal to comply with the FLSA in this regard is willful, in bad faith and has required Mr. Prosser to incur the trouble and expense of attorney's fees and expenses of litigation and he seeks an award of same.

### Count II   Liquidated Damages, Attorney's Fees and Litigation Expenses

15.

Mr. Prosser incorporates by reference all of the allegations contained in paragraphs 1 through paragraphs 14.

16.

Mr. Prosser is entitled to liquidated damages in the amount of $3,801.08 in addition to the unpaid wages set forth in Paragraphs 13 in accordance with 29 U.S.C. §216(b) because the City has willfully and repeatedly violated the FLSA.

17.

The City's failure and refusal to make the above payments to Mr. Prosser in accordance with its legal obligations is in bad faith, is intended to require and has required Mr. Prosser to

incur the trouble, inconvenience and expense of attorney's fees and expenses of litigation to deter him from seeking payment of unpaid wages due him. Mr. Prosser seeks an award of same.

**WHEREFORE,** Mr. Prosser prays for the following:

a. That Summons and Process issue and that the City be served in the manner provided by law;

b. That the City be required to answer this Complaint;

c. That he have a trial by jury;

d. That he be awarded judgment against the City for unpaid wages in the amount of $3,801.08, liquidated damages in the amount of $3,801.08 and an award of attorney's fees and expenses of litigation; and

e. That he have such other and further relief as this Court deems just and equitable.

WARNOCK & MACKEY, LLC

C. Mitchell Warnock, Jr.
Attorney for Plaintiff
State Bar No. 738102

1104 Bellevue Avenue
Dublin, Georgia 31021
(478) 275-8119

Exhibit A

# WARNOCK AND MACKEY LLC.
## ATTORNEYS AT LAW
## 1104 BELLEVUE AVENUE
## DUBLIN, GEORGIA 31021

C. Mitchell Warnock, Jr.  
Email: warnocklaw@bellsouth.net

Facsimile (478) 275-7901  
Telephone (478) 275-8119

August 13, 2012

Lee Williamson, Mayor  
City Hall  
2566 E Elm Street  
Wrightsville, GA 31096

Ralph N. Jackson  
Ralph Jackson, PC  
Attorney for City of Wrightsville  
212-H West Jackson Street  
Dublin, Georgia 31021

Re: Claim of Rictavious Prosser against the City of Wrightsville

Gentlemen:

Please be advised that I represent Ricktavious Prosser with respect to a claim for unpaid wages against the City of Wrightsville. After reviewing all of the time cards and pay stubs it is our position that the City is in violation of the FLSA's overtime provisions.

The time cards and pay records unequivocally show that my client worked 478 hours of overtime from March 3, 2011 through March 3, 2013. He was paid for his overtime but he received only straight time pay. As you are aware, 29 U.S.C. §207(k) provides that he should have been paid for his overtime at the rate of 1.5 hours for every hour of overtime he worked.

Enclosed are the time cards and pay stubs I obtained through my previous open records request. Using the City's records, my client should have been paid an additional $3,801.08 for overtime. This amount does not include any overtime worked in 2012. Furthermore, my client is entitled to liquidated damages in the sum of $3,801.08 in accordance with 29 U.S.C. §216(b) because the City has willfully and repeatedly violated the FLSA, as this is its third claim in the last two years.

My client hereby demands that the City fully compensate him for his unpaid wages and liquidated damages. Please be advised that you have thirty (30) days in which to tender my client the sum of $7,602.16 for full settlement of this claim. In the event said sum is not paid then my client will initiate legal proceedings in and seek said amount plus an award of attorney's fees and expenses of litigation. This letter will also serve as notice that in the event that we obtain a

judgment equal to or greater than the amount of this demand we will seek prejudgment interest as allowed by law.

Please let me know if you have any questions or concerns.

Sincerely,

C. Mitchell Warnock, Jr.

CMWjr:mf

Enclosures

cc:   Ricktavious Prosser